**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7376**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ALBERT CHARLES BURGESS,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Graham C. Mullen, Senior District Judge. (1:09-cr-00017-GCM-DLH-1)

_____

Submitted: December 20, 2016     Decided: December 22, 2016

_____

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Albert Charles Burgess, Appellant Pro Se. Kimlani M. Ford, Cortney Randall, Edward R. Ryan, Assistant United States Attorneys, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., seeks to appeal his 292-month sentence imposed following his convictions for knowingly possessing visual materials depicting a minor engaging in sexually explicit conduct, which were shipped in interstate commerce via computer, in violation of 18 U.S.C. § 2252(a)(4)(B) (2012), and knowingly receiving visual materials depicting a minor engaging in sexually explicit conduct, which were shipped in interstate commerce via computer, in violation of 18 U.S.C. § 2252(a)(2). In criminal cases, a defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment imposing the 292-month sentence on August 27, 2010. Burgess filed his notice of appeal on September 30, 2016.[1] Because Burgess failed to file a timely notice of appeal or obtain an extension of the

_____

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

appeal period, we dismiss the appeal.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009).  Because Burgess' appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).